IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ALAN KLIEWER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CV3119 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the court to challenge the Social Security Administration's (SSA's) decision that Alan Kliewer (Kliewer) is ineligible to receive a Medicare Prescription Drug Assistance subsidy under Part D of Medicare (Part D subsidy).[1] Kliewer filed a brief (Filing No. 29) with an index of evidence in support of the petition to reverse the termination of his Part D subsidy. The Commissioner filed the Administrative Record (AR) (Filing No. 24) and a brief (Filing No. 31) arguing Kliewer was not eligible for the Part D subsidy. Kliewer did not file a reply. Kliewer appeals the SSA's decision, asking that the decision be reversed and benefits awarded because Kliewer believes his workers' compensation benefits should not be counted as income. **See** Filing No. 29 - Brief p. 3. After reviewing the record, the parties' briefs, and applicable law, the court finds the SSA's ruling, that Kliewer is not eligible for a Part D subsidy, should be affirmed because it is supported by substantial evidence in the record.

## BACKGROUND

On July 27, 2008, the SSA awarded Kliewer a subsidy of 50% to help pay his costs of monthly premiums associated with his Medicare prescription drug plan (AR 28). The subsidy award was based on Kliewer's income consisting of social security benefits and workers' compensation benefits, which were calculated at $45 per month (AR 1, 55-56). Kliewer is single and does not financially support anyone else (AR 1, 54). On October 25,

---

[1] The parties consented to jurisdiction by a United States Magistrate Judge pursuant to to 28 U.S.C. § 636(c). **See** Filing No. 28.

2009, Kliewer received a notice of change indicating he would receive a reduction in his subsidy, from 50% to 25%, because of a change in his income (AR 3). In response, Kliewer appealed to the Medicare Appeals Unit on November 25, 2009 (AR 10-15). As part of the appeal, Kliewer communicated his concerns that he maintain his financial responsibilities, particularly affording essential medications (AR 13-15). During the appeal process, Kliewer's attorney, Jon Rehm (Rehm), informed the Medical Appeals Unit that Kliewer wanted to appeal the reduction (AR 8). In speaking with the Medical Appeals Unit, Rehm corrected the amount reported for workers' compensation benefits from $45.00 per month to $45.00 per week. *Id.* However, Rehm personally receives one of Kliewer's workers' compensation checks every third week as compensation for attorney's fees (AR 8, 55). Although the Medical Appeals Unit informed Rehm that Kliewer would not be eligible for any subsidy because of the corrected income amount, Rehm stated Kliewer still wanted to appeal the original reduction decision (AR 8). The SSA calculated Kliewer's annual income as $15,558.00 in social security retirement benefits, an amount, as described in great detail below, for his workers' compensation benefits, and subtracted $240.00 for the general income exclusion from the total income to determine the total countable income (AR 26, 29, 46).

On February 27, 2010, the SSA calculated Kliewer's workers' compensation income as $1,560.00,[2] for a total countable income of $16,878.00 (AR 22-26). In a letter dated February 27, 2010, Kliewer was informed he would not receive any of the Part D subsidy award (AR 23). The termination of benefits was based on Kliewer's income as it exceeded the $16,245.00 income limit for subsidy eligibility (AR 26).

A separate case review was conducted by Subsidy Determination Reviewer Judy A. Gambrill (Gambrill) on February 22, 2010, as part of Kliewer's appeal of the October 25, 2009, subsidy reduction (AR 28). In a letter dated March 3, 2010, Gambrill informed Kliewer that he was ineligible for the Part D subsidy based on his income (AR 28-30). The

---

[2] The SSA calculated Kliewer's workers' compensation income as $130.00 per month less some amount taken out for attorney's fees. It is unclear from the record how the SSA determined the workers' compensation income at $130.00 per month.

letter from Gambrill calculated Kliewer's workers' compensation income as $1,620.00,[3] bringing his countable income to $16,938.00 (AR 28).

On March 15, 2010, Kliewer appealed again to the Medicare Appeals Unit (AR 34). A hearing took place on April 19, 2010 (AR 45). In a letter dated April 19, 2010, Subsidy Determination Reviewer Kevin Gibson (Gibson) reiterated and upheld the February 22, 2010, termination of Kliewer's Part D subsidy (AR 45-46). Gibson's review was based on $1,440.00[4] in workers' compensation income. *Id.* The final calculation for Kliewer's annual countable income totaled $16,788.00. *Id.*

## STANDARD OF REVIEW

A district court has jurisdiction to review a decision to deny disability benefits according to 42 U.S.C. § 405(g). A district court is to affirm the Commissioner's findings if "supported by substantial evidence on the record as a whole." *Johnson v. Astrue*, 628 F.3d 991, 992 (8th Cir. 2011). Substantial evidence is defined as less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision. *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010); **see also** *Minor v. Astrue*, 574 F.3d 625, 627 (8th Cir. 2009) (noting "the 'substantial evidence on the record as a whole' standard requires a more rigorous review of the record than does the 'substantial evidence' standard"). "If substantial evidence supports the decision, then [the court] may not reverse, even if inconsistent conclusions may be drawn from the evidence, and even if [the court] may have reached a different outcome." *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010) (alteration added).

## DISCUSSION

Medicare is a federally subsidized health insurance program for disabled and retired individuals. 42 U.S.C. §§ 1395, *et seq*. Individuals may enroll in Medicare Part A specifically for hospital insurance benefits and Part B for supplemental medical insurance.

---

[3] The SSA calculated this income amount based on $135.00 per month, which is four $45.00 payments per month less one $45.00 payment per month for attorney's fees.

[4] The SSA calculated this income amount based on $120.00 per month, which is four $45.00 payments per month less every third $45.00 payment for attorney's fees.

*Id.* Medicare Part D provides assistance for prescription drugs. 20 C.F.R. § 418.3005. An individual is eligible to receive a Medicare Part D prescription drug subsidy if he is enrolled in Medicare Part A or Part B and meets certain income requirements. 20 C.F.R. § 418.3101. An individual is eligible to receive Medicare subsidies if the recipient's income is less than 150% of the federal poverty level (FPL). 42 U.S.C. § 1395w-114(a)(3)(A) and (a)(3)(C)(ii). The allowable Part D subsidy decreases on a sliding scale as the recipient's countable income increases. 42 U.S.C. § 1395w-114(a)(2)(A).

"Income" specifically refers to any cash or in-kind support received to purchase food or shelter. 20 C.F.R. § 418.3301. Income and resources are determined for Medicare similar to the way they are determined for the Supplemental Security Income (SSI) program. 42 U.S.C. § 1395w-114(a)(3)(C)(i) (**citing** 42 U.S.C. § 1396d(p)(1)(B) (**citing** 42 U.S.C. § 1382a)). Types of earned income included in the computation of countable income are: wages, self-employment net earnings, in-kind earned income, and various honoraria and royalties. 20 C.F.R. § 418.3320. Further, certain unearned income is also considered in the computation of countable income, including: annuities, pensions, and other periodic payments such as private pensions, social security benefits, disability benefits, veterans benefits, workers' compensation, railroad retirement annuities, and unemployment insurance benefits. 20 C.F.R. § 416.1121(a).

A Part D beneficiary is automatically enrolled in the Part D subsidy if he has received both SSI and Medicare. 20 C.F.R. § 418.3105. However, if an individual does not automatically receive Part D benefits, he may file an application to become eligible for a subsidy. 20 C.F.R. § 418.3201. After filing an application, an initial determination occurs as the SSA reviews the applicant's relevant facts, income, and resources. 20 C.F.R. § 418.3605. Subsequent to the initial determination, the SSA informs the applicant through a mailed written notice if he is eligible to receive a full or partial subsidy. 20 C.F.R. § 418.3201(a)-(b). If the application is denied, the applicant may appeal the SSA's determination. 20 C.F.R. § 418.3201(c). The applicant must request the administrative review within 60 days after he has received notice of the initial determination. 20 C.F.R. § 418.3630(a). The administrative review either consists of a hearing via telephone, or if preferred by the applicant, a case review. 20 C.F.R. § 418.3625. In review, the SSA will again consider the information available in the initial determination and any additional

information. 20 C.F.R. § 418.3650. Once reviewed, the SSA's decision is sent in writing, referencing the decision, the reasons for the decision, and the right to judicial review of the decision. 20 C.F.R. § 418.3655. If the applicant is still unsatisfied by the SSA's decision, there is a 60-day period after the notice of the decision when the applicant can file an action in Federal district court. 20 C.F.R. § 418.3675.

For an individual to receive a Part D subsidy, the recipient cannot have an income higher than 150% of the FPL. 42 U.S.C. § 1395w-114(a)(3)(A) and (a)(3)(C)(ii). The United States Department of Health and Human Services (HHS) revises the poverty guidelines and limitations each year and publishes the guidelines in the federal register. 42 U.S.C. § 1395w-114(a)(3)(C)(ii). In 2009, the FPL was $10,830.00 for a household of one person (AR 29). The income limit representing 150% of the FPL was $16,245.00. *Id.* In calculating an applicant's income for the purpose of determining eligibility for SSI or Medicare, SSI and Medicare deduct $20.00 per month, or $240.00 per year, as a general income exclusion. **See** 20 C.F.R. § 416.1124(c)(12) and 20 C.F.R. § 418.3325(b)(3).

Kliewer contends, although his income might be beyond 150% of the FPL income limit, as a matter of policy, the benefits he receives from workers' compensation should not be counted. Filing No. 29 - Brief p. 3. Kliewer argues the goal of workers' compensation is to "relieve the employee from the economic effects of work injury." *Id.* Further, Kliewer contends specifying workers' compensation as countable income penalizes workers who have only a partial loss of earning capacity but who are completely disabled from non-work related reasons. *Id.* However, certain unearned income, such as workers' compensation, is considered in the computation of countable income. 20 C.F.R. § 416.1121(a). Although Kliewer claims workers' compensation should not be counted, SSI and Medicare regulations have determined workers' compensation is under the scope of income and resources. **See** *Simmons v. Chater*, 104 F.3d 168, 169-70 (8th Cir. 1997).

Kliewer further contends the purpose of the Nebraska Workers' Compensation Act, Neb. Rev. Stat. §§ 48-101 to 48-1,117, is thwarted by the federal regulation's requirement to consider workers' compensation as countable unearned income and argues the court must recognize the federal regulations cannot interfere with the Nebraska Compensation Act. Filing No. 29 - Brief p. 3. In response, the Commissioner argues if there was a conflict between the state workers' compensation law and federal law, the state workers'

5

compensation law is invalid under the Supremacy Clause in Article VI, Clause 2 of the Constitution of the United States. Filing No. 31 - Brief p. 6. When a state law conflicts with the Social Security Act, the federal statute takes precedence over the conflicting state law. **See** *Van Lare v. Harley*, 421 U.S. 338, 339-40 (1975). Thus, the federal statute takes precedence over Kliewer's alleged "conflict" with the Nebraska Workers' Compensation Act. In any event, there is no conflict because workers' compensation is considered to be an income substitute. 20 C.F.R. § 416.1121(a). "The regulations are quite clear that the SSA will consider all cash or other incoming resources that can be used to pay for food, clothing, and shelter as income when determining whether an applicant exceeds the statutory income limit." *Simmons*, 104 F.3d at 169. Accordingly, workers' compensation is countable income and is considered in subsidy determination.

Therefore, the Subsidy Determination Reviewer's decision to uphold the February 22, 2010, termination of Kliewer's claim based on the income calculation is consistent with Medicare regulations. Kliewer received a total yearly income of $16,788.00 after the $240.00 general income exclusion and $720.00 in legal fees were deducted. The final calculation for Kliewer's countable income exceeds the $16,245.00 income limit representing 150% of the FPL, resulting in his ineligibility for the Part D Subsidy. Consequently, the court finds the SSA's ruling that Kliewer is ineligible for Part D subsidy is consistent with Medicare regulations.

**IT IS ORDERED:**

The Commissioner's decision is affirmed, the appeal is denied, and judgment in favor of the defendant will be entered in a separate document.

DATED this 21st day of June, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.